IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

FIRSTMERIT BANK, N.A., etc.,     )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  13 C 2744
                                 )
MMB DEVELOPMENT, LLC, et al.,    )
                                 )
                Defendants.      )

                        MEMORANDUM ORDER

     Counsel for FirstMerit Bank, N.A. ("FirstMerit") have now, in response to this Court's April 17 memorandum order requiring them to cure their noncompliance with this District Court's LR 5.2(f), delivered to this Court's chambers a copy of the bulky mortgage foreclosure Complaint and accompanying exhibits (a filing comprising some 200 pages).  Federal jurisdiction is sought to be grounded in diversity of citizenship terms.  Because that effort is impermissibly flawed, so that FirstMerit has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte order dismisses the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

     As to FirstMerit itself, Complaint ¶2 properly specifies its organization as a national bank and the Ohio location of its principal place of business.  Nor is any problem posed by Complaint ¶4, which identifies both components of the corporate

citizenship of codefendant Spring Fort Hall Condominium, as prescribed by 28 U.S.C. §1332(c)(1),[1] as Illinois-based. But all that Complaint ¶3 says as to the other codefendant, MMB Development LLC ("MMB"), is this:

> 3. The defendant, MMB Development LLC (the "Borrower"), is an Illinois limited liability company with a principal office at 8224 Queen Victoria Lane, Finley Park, IL 60477, is the borrower on the promissory note described below, and is the mortgagor under the mortgage described below.

As that language reflects, FirstMerit's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore nearly 15 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after nearly a decade and a half's repetition by our

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only FirstMerit's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with FirstMerit's counsel obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to FirstMerit's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 22, 2013

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable. As to the identity of the paying party, it would seem difficult to justify the client's having to bear the cost of a legal error committed by counsel in a area about which a nonlawyer would have no reason to be informed.