IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRSTMERIT BANK, N.A., etc., )
)
        Plaintiff, )
)
  v. ) No. 13 C 2744
)
MMB DEVELOPMENT LLC, et al., )
)
        Defendants. )

## MEMORANDUM ORDER

On May 16, 2013 counsel for FirstMerit Bank, N.A. ("FirstMerit"), plaintiff in this mortgage foreclosure action, filed a document captioned "Consolidated Affidavit as to Unknown Owners and for Publication" ("Consolidated Affidavit"). Because leave had not previously been sought or granted for that filing, counsel then noticed up for presentment on June 6 a motion for leave to file that document, and this Court's courtroom deputy advised it that the motion was unopposed, so that this Court granted such leave without the need for counsel to appear.

Now however this Court, with the preparation for and conduct of the just-completed trial in one of its other cases no longer occupying it essentially full time, has had occasion to examine the Consolidated Affidavit--and it finds that the document begins with these assertions (emphasis added):

> Deponent further says that in addition to persons designated by name in the Complaint to Foreclose Mortgage ("Complaint") in this action there may be other persons who are interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof,

> described in such Complaint; that the name of each of such other person is unknown to plaintiff and to this deponent and upon diligent inquiry cannot be ascertained, <u>and all such other persons are made parties defendant to this action, by the name and description of Unknown Owners</u>.
>
> Deponent further says that in addition to persons designated by name herein and the unknown defendants herein before referred to, there are other persons who are or may be interested in this action and who have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, described in the Complaint; that the existence, names or the present or last known places of residence, or both, of such nonrecord claimants are unknown as of this date to plaintiff and plaintiff's counsel, <u>and all such persons are therefore made parties defendant to this action by the name and description of Non-Record Claimants</u>.

But FirstMerit has filed this federal action by invoking diversity-of-citizenship jurisdiction, and the emphasized portion of the quoted language have <u>destroyed</u> diversity. This Court had occasion to address that specific subject full three decades ago in <u>John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago</u>, 555 F.Supp. 1026 (N.D. Ill. 1983), and nothing in today's federal jurisprudence has altered the principle stated there.

In 1983 only a few years had elapsed since this Court had left the active practice of law, having enjoyed an extensive background in real estate transactions as well as in all other aspects of the general practice. It consequently advised counsel in the <u>John Hancock</u> case and other lawyers who had unwittingly fallen into the trap that has engulfed FirstMerit's counsel here

2

that a simple solution was available to preserve the ability to bring federal foreclosure actions on the basis of otherwise available diversity jurisdiction: eschew any mention of unknown owners and non-record claimants in the complaint, and just make arrangements with the title insurance company involved to accept whatever representations are needed to provide title coverage over potential claims by the almost-invariably hypothetical persons or entities in those categories.

Under the present circumstances this Court will not dismiss this action now for lack of federal subject matter jurisdiction, as it was compelled to do in the John Hancock case. Instead it will defer acting for a short period of time to enable counsel for FirstMerit to file appropriate revisions to the Consolidated Affidavit to restore complete diversity.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 12, 2013